**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James W. THIBODAUX, Jr.,**
**Defendant–Appellant.**

No. 04–30407.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 24, 2005.

Robert Watts Gillespie, Jr., Josette Louise Cassiere, Assistant U.S. Attorneys, U.S. Attorney's Office, Western District of Louisiana, Shreveport, LA, for Plaintiff–Appellee.

Richard George Crane, Nashville, TN, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

This court affirmed the sentence of James W. Thibodaux, Jr. *United States v. Thibodaux*, 115 Fed.Appx. 297 (5th Cir. 2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Thibodaux v. United States*, — U.S. —, 125 S.Ct. 1950, 161 L.Ed.2d 766 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

Thibodaux argues that the application of sentence enhancements based upon facts neither admitted by him nor proven to a jury under a mandatory application of the guidelines violated the Sixth Amendment under *Booker*. Thibodaux contends that his objections to the amounts of loss and restitution in the district court preserved this issue for review. In his objections, however, Thibodaux argued only that the amounts of loss and restitution were overstated or unsupported. Accordingly, Thibodaux did not preserve this issue, and we review for plain error only. *See United States v. Mares*, 402 F.3d 511, 516 & n. 2, 520 (5th Cir.2005), *cert. denied* — U.S. —, 126 S.Ct. 43, — L.Ed.2d — (2005).

There is no dispute that the first two prongs of the plain error standard are satisfied; there was Sixth Amendment error, and the error was plain. *See id.* at 520–21. In order to meet the third prong of the plain error standard, Thibodaux must demonstrate "that the sentencing judge—sentencing under an advisory scheme rather than a mandatory one— would have reached a significantly different result." *Id.* at 521. The court made no particular comment about the 78–month sentence it imposed. As in *Mares*, there is no indication in the record, and Thibodaux points to none, as to what the district court would have done had it known that the guidelines were advisory. *See id.* at 522. Given these circumstances, Thibodaux has not met the third prong of the plain error standard. *See id.* Because nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Thibodaux's sentence.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.